IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LARRY EUGENE GRUBBS, #02417031 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv383 |
| TREY LESLIE, ET AL. | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Larry Eugene Grubbs, proceeding *pro se* and *in forma pauperis*, filed this Fourth Amendment civil rights lawsuit pursuant to 42 U.S.C. § 1983. Plaintiff's cause of action was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636.

Plaintiff filed his original complaint on September 28, 2022 (Dkt. #1). He initially sued police officer Trey Leslie, the Longview Police Department, and Officer Unknown, regarding an arrest occurring on August 13, 2021. In response to the Court's Order (Dkt. #4), Plaintiff filed his amended complaint on January 27, 2023. (Dkt. #8). Plaintiff substituted the City of Longview for the Longview Police Department, which is a non-jural entity. Plaintiff seeks compensatory damages and prospective injunctive relief regarding the creating of a policy for the interaction of police officers with the homeless population. (Dkt. #8 at 4).

Before the Court is Defendant City of Longview's Motion to Dismiss pursuant to Rule 12(b)(6). (Dkt. #15). Plaintiff did not file a response in opposition. The Court notes that Defendants Leslie and Officer Unknown, now known as Officer Zack Atkinson, filed answers to the amended

1

complaint and did not join the motion to dismiss. For the reasons hereinafter explained, the Court recommends that Defendant City of Longview's motion to dismiss be granted.

## Plaintiff's allegations

In his amended complaint, Plaintiff alleges that the City of Longview does not properly train its police officers regarding a citizen's Fourth Amendment due process rights. The failure to train allows the City of Longview police force to be overly aggressive when no one is present to witness their behavior. Plaintiff asserts that the police officers' overly aggressive behavior has become an unofficial policy or custom of which the City of Longview is aware.

Plaintiff seeks unspecified compensatory damages for his injuries and pain and suffering. (Dkt. #8, p. 4). Plaintiff also seeks an injunction regarding a change in policy of how homeless people are treated by police officers.

## Discussion

**Defendant's motion to dismiss pursuant to Rule 12(b)(6)**

Defendant City of Longview (the City) moves to dismiss Plaintiff's claims against it under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Dkt. #15). The City argues that Plaintiff's claims are insufficient to establish a claim under *Monell* (citing *Monell v. Dep't of Social Service of City of New York*, 436 U.S. 658 (1978)). The City alleges that Plaintiff fails to plead a policy or practice of overly aggressive behavior or violence by City police department personnel against the homeless. The City also alleges that Plaintiff fails to plead specific, non-conclusory facts that would support a failure to train claim.

    A.    FED. R. CIV. P. 12(b)(6) Standard

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555. The Court does "not require heightened fact pleading of specifics, but only enough facts to state a

claim to relief that is plausible on its face." *Id.* at 570. A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible." *Id.*

Federal Rule of Civil Procedure 8(a) does not require "detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677–78. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*. at 678.

A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to his claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey*, 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

    B.    <u>Municipal liability under *Monell*</u>

When a defendant files a Rule 12(b)(6) motion, the Court construes the amended complaint in favor of Plaintiff and accepts as true all well-pleaded facts. *See Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citing *Gonzales v. Kay,* 577 F.3d 600, 603 (5th Cir. 2009)). *Pro se*

4

plaintiffs are held to a more lenient standard than are lawyers when analyzing a complaint, but *pro se* plaintiffs must still plead factual allegations which raise the right to relief above the speculative level. *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

If the facts alleged in a complaint do not permit the court to infer more than the mere possibility of misconduct, a plaintiff has not shown entitlement to relief. *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Dismissal is proper if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006). By contrast, while a motion to dismiss challenges a complaint's legal sufficiency, a post-discovery motion for summary judgment evaluates whether a genuine issue of material fact remains after considering both sides' proffered evidence. *Rader v. Cowart*, 543 F. App'x 358 (5th Cir. 2013); *see also St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000).

The fact that a defendant has invoked the *Monell* pleading requirements does not raise a plaintiff's pleading requirements above the *Twombly* and *Iqbal* standards. *See id.*; *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993). The proper inquiry is whether a plaintiff pleads "facts that plausibly establish: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Ratliff v. Aransas Cnty., Tex.*, 948 F.3d 281, 285 (5th Cir. 2020) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

Plaintiff alleges that the City failed to train officers properly. "To prevail on a failure-to-train theory, [a plaintiff] must plead facts plausibly establishing "(1) that the municipality's

training procedures were inadequate, (2) that the municipality was deliberately indifferent in adopting its training policy, and (3) that the inadequate training policy directly caused the violations in question." *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 170 (5th Cir. 2010). However, courts should treat failure to train claims with a high degree of caution. "A municipality's culpability for a deprivation of right is at its most tenuous where the claim turns upon a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). A plaintiff must demonstrate "at least a pattern of similar incidents" to establish municipal liability. *Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998) (internal citations omitted).

Here, Plaintiff's amended complaint alleges that the City failed to adequately train officers regarding civil rights protected by the United States Constitution. This allegation, however, lacks factual support. By itself, the claim is a conclusory statement. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The claim lacks sufficient facts to suggest or plausibly allege that the City was "deliberately indifferent" in its training policy.

There is no indication that this incident was a pattern with Longview Police Department or that the City knew of it happening. Accordingly, the Court recommends that Plaintiff's claim for failure to train be dismissed.

## Recommendation

It is recommended that Defendant City of Longview's Motion to Dismiss (Dkt. #15) pursuant to FED. R. CIV. P. 12(b)(6) be granted, and that Plaintiff's failure to train be dismissed with prejudice. It is recommended that Plaintiff's claims against Defendants Leslie and Atkinson proceed on the docket.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve, and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 7th day of February, 2024.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE